USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/13/21

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

PLAYBOY ENTERPRISES INTERNATIONAL, INC.,

Plaintiff,

– against –

WWW.PLAYBOYRABBITARS.APP; WWW.PLAYBOYRABBIT.COM; VOZGEN ZOLO and JOHN DOES OWNERS/OPERATORS OF THE COUNTERFEIT WEBSITES.

Defendants.

21 Civ. 08932 (VM)

**ORDER GRANTING PRELIMINARY INJUNCTION**

Plaintiff Playboy Enterprises International, Inc. ("Playboy")[1] filed a complaint to stop the Defendants from counterfeiting the Playboy Marks in connection with the unauthorized sale of fake Playboy Rabbitars non-fungible tokens ("NFTs") on www.playboyrabbitars.app and www.playboyrabbit.com (the "Counterfeit Websites"). The domain URLs for the Counterfeit Websites subsume identical versions of the Playboy trademark and are almost identical to Playboy's actual website selling authentic Rabbitar NFT's www.playboyrabbitars.com (the "Authentic Website").

Playboy filed its complaint under: (1) the Lanham Act (15 U.S.C. §§ 1114, 1125(a), 1116) (Counts I and II); and (2) trademark and unfair competition under New York common law (Count III). Simultaneously, Playboy moved under seal for emergency *ex parte* relief, which was granted by the Court on November 2, 2021 ("*Ex Parte* Order"). The Court then held a hearing

---

[1] All undefined terms herein are defined as in Plaintiff's Complaint.

on November 12, 2021, regarding Playboy's request for a preliminary injunction. Upon Playboy's Complaint and its accompanying exhibits, the Declarations of Jennifer McCarthy, Sid Nasr, and Marcella Ballard and the exhibits thereto, and all other documents submitted in this action, the Court hereby **GRANTS** Playboy's request for a preliminary injunction and confirms the seizure order within the *Ex Parte* Order as follows:

**THE COURT HEREBY FINDS THAT:**

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction over Playboy's claims under 28 U.S.C. §§ 1331 & 1338, and 15 U.S.C. § 1121.
2. This Court has personal jurisdiction over the Defendants[2] because:
    a. The Defendants are operating the Counterfeit Websites accessible and interactive to users in this district and within New York state; and
    b. Playboy's Complaint and moving papers demonstrate that the Defendants undertook the unlawful counterfeiting scheme intentionally with knowledge that the Counterfeit Websites would cause consumers and Playboy harm in New York as Playboy does business in New York and has done business in New York for dozens of years.

*See* Complaint ¶¶ 10-15; Memorandum of Law in Support of *Ex Parte* Motion ("Memo of Law"), pp. 9-10.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391 because:

[2] The John Doe Defendants are the owner/operator of the Counterfeit Websites, which is currently unknown to Playboy, and not available through the ICANN WHOIS Database.

c. A substantial part of the conduct and the property at issue is located in this jurisdiction and the Complaint alleges facts to show that the Defendants are subject to personal jurisdiction in this judicial district, and no other district appears more appropriately suited to resolve this dispute.

4. The Complaint pleads sufficient facts and states claims against Defendants for:

d. Trademark counterfeiting, unfair competition, and false designation of origin, in violation of the Lanham Act, Sections 32 and 43(a) (15 U.S.C. §§ 1114, 1125(a) (Counts I and II); and

e. Trademark infringement and unfair competition in violation of New York common law (Count III).

**Preliminary Injunction Factors**

The Court finds that Playboy has established each of the factors required for a preliminary injunction: (1) likelihood of success on the merits; (2) irreparable harm; (3) the balance of hardships tips in Playboy's favor; and (4) a preliminary injunction serves the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Seijas v. Republic of Argentina*, 352 Fed. App'x 519, 521 (2d Cir. 2009); *Bulman v. 2BKCO, Inc.*, 882 F. Supp. 2d 551, 557 (S.D.N.Y. 2012). Each factor is addressed below in turn.

**Likelihood of Success on the Merits of Playboy's Claims in the Complaint**

5. Playboy is likely to succeed on the merits of these claims because Playboy has shown that:

a. It owns the registered Playboy Marks[3] and associated common-law rights, and

---

[3] Defined as the PLAYBOY® Trademarks, and RABBIT HEAD DESIGN® Trademarks, collectively, along with their common low rights, as defined in Playboy's Complaint.

uses them in interstate commerce, including but not limited to, in connection with the Authentic Website (Complaint ¶¶ 30-42, Ex. 2); Declaration of Jennifer McCarthy ("McCarthy Decl."), ¶¶ 16-28;

b. Playboy has demonstrated prior use of the common-law RABBITARS Mark in connection with NFTs (Complaint ¶¶ 36-37, Ex. 2); McCarthy Decl., ¶¶ 23-24, 27); and

c. Defendants' fraudulent scheme involves counterfeiting those exact trademarks for online retail store services, and NFT services as Playboy, thereby confusing customers including consumers in this judicial district. (Compl. ¶¶ 58-77, Ex. 5-6; McCarthy Decl. ¶¶ 29-37) (*See* 15 U.S.C. §§ 1114(1), 1125(a));

Playboy also has established a likelihood of success on the merits of its New York common law trademark infringement and unfair competition claims because the elements of those mirror the elements of Lanham Act trademark infringement and unfair competition claims, and Playboy is likely to succeed on the merits of its Lanham Act claims. *Avon Prods. V. S.C. Johnson & Son*, 984 F. Supp. 768, 800 (S.D.N.Y. 1997); *Twentieth Century Fox Film Corp. v. Marvel Enters.*, 220 F. Supp. 2d 289 (S.D.N.Y. 2002); *Franklin v. X Gear 101, LLC*, 17 Civ. 6452 (GBD) (GWG) 2018 U.S. Dist. LEXIS 122658 (S.D.N.Y. July 23, 2018).

**Irreparable Harm**

6. Playboy also has established that it will suffer immediate, irreparable harm if this Court denies Playboy's request for a preliminary injunction. Specifically, it has shown that it has a strong reputation and goodwill under the Playboy Marks (and other source identifiers), which was established due to Playboy's lengthy and (until now) exclusive use of those marks in connection with Playboy's authentic goods and services. *See* McCarthy Decl. ¶¶ 42-49.

7. The Defendants have exploited Playboy's reputation and goodwill, using it to trick the public, and consumers into thinking that the Defendants, the Counterfeit Websites, and Defendants' www.discord.com usernames are affiliated with, or authorized by, Playboy when they are not. *See* McCarthy Decl. ¶¶ 43-45; Nasr Decl. ¶¶ 20-22.

8. Playboy has shown that consumers access Defendants' Counterfeit Websites because they think Defendants' Counterfeit Websites are Playboy-affiliated. If consumers come to think they cannot trust Playboy or Playboy's Authentic Website because of Defendants' actions, then Playboy's reputation and goodwill will erode – that is the definition of irreparable harm. *See* McCarthy Decl. ¶ 47-48.

9. Consumers have already been confused due to Defendants' conduct regarding the Counterfeit Websites, and Defendants' impersonation of Playboy personnel in www.discord.com. Nasr Decl. ¶¶ 31-32.

10. Defendants' creation of the Counterfeit Websites using the Playboy Marks without authorization is likely to have lasting irreparable harm on Playboy's NFT business in the United States and overseas, and Defendants' impersonation of Playboy personnel in www.discord.com. Nasr Decl. ¶¶ 34-38.

11. Consumers have already commented to the public that the "amount of people getting scammed is staggering[]" as a result of Defendants' actions. Nasr Decl. ¶¶ 35-38.

**Balance of the Hardships**

12. Playboy also has shown that the balance of hardships tips in its favor.

13. Playboy has a protectable legal interest in protecting its reputation under the Playboy Marks, and other source identifiers.

14. By contrast, there is no evidence showing that the Defendants have any protectable interest in counterfeiting those source identifiers to defraud Playboy out of the control over its intellectual property. *AW Licensing, LLC v. Bao*, No. 15-cv-1373, 2015 U.S. Dist. LEXIS 177101 (S.D.N.Y. April 2, 2015)

**Public Interest**

15. Playboy also has shown that the public interest favors granting a preliminary injunction. The public has a strong interest in being protected from confusion in general. But the public has an even stronger interest in being protected from illegal phishing schemes, namely, being manipulated through trademark counterfeiting into believing that they are doing business with Playboy, when they are not.

**Good Cause for Alternative Service**

16. The Court finds good cause continues to exist to grant alternative service of the filings in this matter via email and/or overnight courier because Playboy establishes that traditional service methods would be futile. *See* McCarthy Decl. ¶¶ 36-37. Given the online nature of Defendants' conduct, email service is most likely to give Defendants' notice of the filings pertaining to this lawsuit.

## I. PRELIMINARY INJUNCTION

IT IS HEREBY ORDERED, that Defendants, any of their agents, servants, employees, and attorneys, and all others in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise ("Restrained Parties"), are restrained and enjoined, pending the final hearing and determination of this action, from, anywhere in the world:

1. Using or counterfeiting the Playboy Marks, and/or common law rights to the

RABBITARS Mark, or any confusingly similar marks, reproduction, counterfeit copies, or spurious imitations thereof, on or in connection with the offering of any goods and/or services, websites, or social media, including but not limited to, owning or operating the Counterfeit Websites;

2. Operating any other website, licensing business or other business, entity, or store that purports to originate from Playboy, or to be sponsored or licensed by, or affiliated with Playboy, or contains any portion of the Playboy Marks within its name or d.b.a., when it is not;

3. Operating any social media account, including but not limited to www.discord.com account(s) that purport to originate from Playboy, or to be sponsored or licensed by, or affiliated with Playboy, or contains any portion of the Playboy Marks within its name d.b.a., or username, when it is not;

4. Registering, owning, or using any domain name that consists of any of the Playboy Marks, RABBITARS Mark, or includes "Playboy" in the domain portion of the domain name and is being used in connection with the Playboy Marks, and/or the Rabbit Head Design and any other Playboy source identifier, or that is confusingly similar thereto, or that is calculated to confuse consumers into thinking that the website(s) accessible via the domain name(s) originate with/from Playboy, or is sponsored or licensed by, or affiliated with, Playboy or Playboy's Authentic Website, when it is/they are not;

5. Registering, owning, or using any entity whose name or d.b.a. consists of the Playboy Marks, or includes "Playboy", or that is confusingly similar to any of the Playboy Marks and/or RABBITARS Mark, or that is calculated to confuse consumers into believing that the Defendants are Playboy, affiliated with Playboy, or sponsored by Playboy, when they is not;

6. Using in connection with Defendants' activities, goods, or services (or purported goods

or services) any false or deceptive designations, representations, or descriptions of Defendants or their activities, goods, or services (or purported goods or services), whether by symbols, words, designs, statements, photographs, or other devices, which would damage or injure Playboy or its customers, or which would give Defendants an unfair competitive advantage or result in consumer deception;

7. Committing other acts calculated to cause consumers to believe that Defendants' domain names, websites, web content, goods/or services are offered under the authorization, sponsorship, supervision, or control of Playboy, or otherwise are connected with Playboy, or Playboy's Authentic Website, when they are not;

8. Further infringing the Playboy Marks, RABBITARS Mark and/or any other Playboy source identifier, or damaging any associated goodwill;

9. Using, linking to, transferring, selling, exercising control over, or otherwise owning or accessing the Counterfeit Websites; and

10. Using, transferring, exercising control over, or otherwise accessing any accounts used in the transfer of money or electronic currency, including but not limited to Bitcoin or Ethereum, or in the processing of card-based transactions associated with the Counterfeit Websites[4], and/or Defendants' www.discord.com usernames[5], as a means to further Defendants' counterfeiting scheme.

---

[4] Including URLs that incorporate the Playboy Marks and/or are confusingly similar to the Counterfeit Websites, including but not limited to www.playboyrabbitars.app/mint, and www.playboyrabbit.com/mint.

[5] Plaintiff initially identified the following usernames being used in furtherance of Defendants' counterfeiting scheme on www.discord.com: (1) Playboy the Rabbit Hole Team; (2) Playboy the Rabbit Hole Info; (3) Playboy the Rabbit Hole News; and (4) Playboy the Rabbit Hole Alerts. Since obtaining expedited discovery pursuant to the Court's *Ex Parte* Order, the Plaintiff has identified the www.discord.com accounts and usernames identified in **Exhibit 1** to this Order.

Upon service as provided for in this Order, the Defendants, and other Restrained Parties shall be deemed to have actual notice of the issuance and terms of the Preliminary Injunction, and any act by any of the Restrained Parties in violation of any of the terms of the Preliminary Injunction may be considered and prosecuted as contempt of Court.

In the event Playboy identifies additional websites, defendants, or www.discord.com usernames in connection with Defendants' counterfeiting scheme, Playboy may move the Court for an order modifying this injunction as appropriate and may amend its complaint to include the additional parties. To the extent Playboy identifies additional www.discord.com usernames using variations of "Playboy The Rabbit Hole" or the Playboy Marks or common law trademarks in a similar manner as described in the Nasr Declaration (Paras. 20-31), Playboy may serve this Order on Discord, Inc. to have the confusingly similar www.discord.com usernames to the usernames already identified in **Exhibit 1** frozen.

To the extent the Defendants attempt to use confusingly similar variations of the Counterfeit Websites with URLs that incorporate the Playboy Marks, such as www.playboyrabbitars.app/mint or www.playboyrabbit.com/mint, Playboy may serve this Order on the Counterfeit Website registrars and/or other third parties responsible for services involved with keeping the Counterfeit Websites online, in order to freeze and/or make the Counterfeit Websites and any confusingly similar variations of the Counterfeit Websites frozen and inaccessible to the Defendants.

**Security for Preliminary Injunction**

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 65, the bond posted on behalf of Playboy in connection with the temporary restraining order issued by the Court shall be converted to security for this preliminary injunction order for $15,000.

## II. ASSET FREEZE AND SEIZURE CONFIRMATION

**IT IS FURTHER ORDERED** that the findings of fact and conclusions of law supporting the *Ex Parte* Order, entered by the Court on November 2, 2021, are confirmed for the reasons set forth in the *Ex Parte* Order and are incorporated into this Order.

The Court hereby releases the security posted by Playboy in the amount of $15,000 that was posted in connection with the seizure order. The access of each Defendant and any Restrained Party to any of the Counterfeit Websites, or www.discord.com usernames and accounts operated by the Defendants in furtherance of their counterfeiting scheme shall remain frozen, making them inaccessible and non-transferrable pending further order of this Court.

## III. ORDER CONTINUING TO PERMIT ALTERNATIVE SERVICE

**IT IS FURTHER ORDERED THAT,** as good cause for alternative service continues to exist, Playboy may serve the filings in this case upon all Defendants by email and/or other electronic means, and/or by overnight courier using the identifying emails obtained in connection with expedited discovery attached hereto as **Exhibit 2**.

**SO ORDERED**

Dated: November 13, 2021
New York, New York

Victor Marrero
U.S.D.J.

# EXHIBIT 1

| | Username ID | Discord Account Username |
|---|---|---|
| 1 | 904467359971016735 | Playboy The Rabbit Hole Team#2537 |
| 2 | 902336017305059410 | Playboy The Rabbit Hole Alerts#5270 |
| 3 | 902311110340915200 | Playboy The Rabbit Hole#7539 |
| 4 | 901677215765389343 | Playboy The Rabbit Hole Team#8119 |
| 5 | 901506672458096672 | Playboy The Rabbit Hole#1330 |
| 6 | 899558485199568907 | Playboy The Rabbit Hole#1480 |
| 7 | 901506648642813962 | Playboy The Rabbit Hole#1940 |
| 8 | 901506741630550037 | Playboy The Rabbit Hole#2194 |
| 9 | 901506625926463508 | Playboy The Rabbit Hole#4504 |
| 10 | 901506663348076625 | Playboy The Rabbit Hole#5009 |
| 11 | 902258304301027428 | Playboy The Rabbit Hole#5238 |
| 12 | 901505933031661639 | Playboy The Rabbit Hole#6104 |
| 13 | 901506220131758101 | Playboy The Rabbit Hole#6870 |
| 14 | 901506672659415062 | Playboy The Rabbit Hole#7389 |
| 15 | 901506292013731891 | Playboy The Rabbit Hole#8458 |
| 16 | 902810829454446613 | Playboy The Rabbit Hole#8564 |
| 17 | 902111886785511435 | Playboy The Rabbit Hole#9641 |

# EXHIBIT 2

**Email Addresses Identified as Being Owned/Operated by Defendants:**

- dimariasharona_1993@hotmail.com
- lomascheppke19931@outlook.com
- ellenaruehl19932@outlook.com
- jemmyyore199961@outlook.com
- kundananifortune_1999@hotmail.com
- louanndetten1998054@hotmail.com
- houskeeperdaisy_2002@hotmail.com
- dubrowchanning_1996@hotmail.com
- rosanerossie_1997@hotmail.com
- liparikeshaun_2002@hotmail.com
- judahhousholder20000@hotmail.com
- yoshidagriffin_1993@hotmail.com
- maddinggeoffrey_1993@hotmail.com
- drymonbalfour_1998@hotmail.com
- parlatodexter_1998@hotmail.com
- idelltranter200159@hotmail.com
- linnetteeye2002916@hotmail.com
- 68232f5026b54abfb5f564d45faceaed.protect@withheldforprivacy.com
- ulomskypavel@mail.ru